Filed 6/5/15  P. v. Gutierrez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　　　v.<br><br>PETE GUTIERREZ, JR.,<br><br>　　　　Defendant and Appellant. | F068426<br><br>(Super. Ct. No. F10906329)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Matthew H. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Cornell, Acting P.J., Poochigian, J. and Detjen, J.

Pete Gutierrez, Jr., appeals to this court for the second time.  In the first appeal (*People v. Gutierrez* (July 17, 2013, F063667) [nonpub. opn.]), we remanded the matter to the trial court for resentencing, but otherwise affirmed the judgment.  This appeal is from the sentence imposed after remand.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that after reviewing the record, he did not identify any arguable issues.  By letter dated May 20, 2014, we invited Gutierrez to submit additional briefing.  He declined our invitation by failing to respond to our letter.  We affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

In 2011 a jury convicted Gutierrez of three counts of continuous sexual abuse of a child involving three different children, in violation of Penal Code section 288.5, subdivision (a).[1]  The jury also found true the special circumstance that Gutierrez had committed the offenses against more than one victim.  (§ 667.61, former subd. (e)(5), now subd. (e)(4).)

In Gutierrez's first appeal, we concluded the trial court had erred in sentencing Gutierrez.  The evidence established Gutierrez stopped molesting the first victim by 2002, and the abuse of the second and third victims ended by the summer of 2010.  The trial court imposed a sentence pursuant to the law as it existed at the time of sentencing.  We concluded the sentence violated the ex post facto clause of the United States and California Constitutions because the Legislature had increased the punishment for Gutierrez's crimes between the time he committed the crime and the time of sentencing.

The sentence imposed after remand complies in all respects with our first opinion.  Gutierrez was sentenced to consecutive sentences of 15 years to life on the second and third counts.  The law in effect at the time the crimes were committed mandated these sentences.  (§ 667.61, former subds. (b), (e)(5).)

---

[1]All statutory references are to the Penal Code unless otherwise noted.

2.

As to count 1, the law at the time this crime occurred provided the trial court with discretion to impose a sentence of either six, 12, or 16 years.  (§ 288.5, subd. (a).)  Continuous sexual abuse of a child was not included in the crimes subject to enhanced punishment pursuant to section 667.61.  The trial court exercised its discretion and imposed the aggravated sentence of 16 years.  (§ 1170, subd. (b); *People v. Sandoval* (2007) 41 Cal.4th 825, 845-847.)

## DISCUSSION

As stated above, the matter is before us after resentencing.  The sentences on counts 2 and 3 were mandated by statute and provide no grounds for an appeal.  The only possible issue in this appeal is the trial court's decision to impose the aggravated sentence of 16 years on count 1.  The trial court explained its decision on the record.

> "You know, I went back and reviewed the facts of this case through the file and even though it had been quite some time since I worked with all of you in trying this case it's remarkable how the specifics do come back, how recollection can be refreshed, and details of this particular case are just as disturbing now as they were when first presented in this courtroom.

> "I did not specifically review my comments and findings in the original sentencing where I incorrectly imposed sentences in those three counts, but my recollection is that I had no disagreements with the analysis of circumstances in aggravation and mitigation as set forth in the original [probation report], that everything that I heard in this case led me to believe that the terms that the law provided for and the maximum were appropriate. I don't see any reason to disagree with the analysis of circumstances in aggravation under [California Rules of Court, rule] 4.421 or in the finding of no circumstances in mitigation under [California Rules of Court, rule] 4.423.  But the weighing of all of these must take in consideration the fact that this court does have discretion to weigh those factors, even if they were to put me on a default position of having to start with a midterm in trying to find some justification to impose an aggravated term based on factual findings.  It seems to me that they are abundantly clear in this case.  But, quite frankly, while the terms are prescribed in Counts Two and Three, the discretion to be exercised as to Count One will be exercised to find that the circumstances in aggravation far outweigh any circumstances that could mitigate or somehow bring us back to a finding that this is just a midterm type of offense."

The probation report listed six facts in aggravation and none in mitigation. The facts in aggravation were (1) the manner in which the crime was carried out indicated planning, sophistication or professionalism (Cal. Rules of Court, rule 4.421(a)(8)),[2] (2) Gutierrez took advantage of a position of trust or confidence to commit the offense (rule 4.421(a)(11)), (3) Gutierrez engaged in violent conduct that indicated a serious danger to society (rule 4.421(b)(1)), (4) Gutierrez's prior convictions were numerous or of increasing seriousness (rule 4.421(b)(2)), (5) Gutierrez served a prior prison term (rule 4.421(b)(3)), and (6) Gutierrez's prior performance on probation or parole was unsatisfactory (rule 4.421(b)(5)). Omitted from the probation report as a circumstance in aggravation was the fact that Gutierrez's victims were particularly vulnerable, as they were all children when they were molested. (Rule 4.421(a)(3).) In any event, the numerous circumstances in aggravation, and the absence of any facts in mitigation, amply supported the trial court's exercise of its discretion.

Nor can the decision to impose the sentences consecutively be considered improper. The three counts involved three different victims, occurred at different times, and were independent of each other. (Rule 4.425(a)(1), (3).)

## DISPOSITION

The judgment is affirmed.

---

[2]All further references to rules are to the California Rules of Court.